IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DETRIC CONWAY                                                      PLAINTIFF

Case No. 6:15-cv-06028

STEVEN D. OLIVER                                              DEFENDANTS
(District Attorney), PAUL
NORRIS (Detective),
SCOTT LAMPINEN
(Detective), J. BLAKE
HENDRIX (Public
Defender), and JOE
GRAHAM (Assistant D.A.)

## AMENDED REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Detric Conway filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 30,

2015.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable

Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose

of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil

actions in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff is currently incarcerated in the Yazoo City Medium Federal Correctional  Institution.

Plaintiff alleges constitutional violations on the part of all Defendants for their actions or inactions

during his capital murder case in Garland County, Arkansas, case no. CR-2011-159-1.  ECF No. 1.

1

He alleges Defendant Norris, a detective, lied on an affidavit for his arrest warrant, coerced a witness to make a false statement, withheld exonerating evidence, and attempted to have the crime lab fabricate evidence.  He alleges these actions were racially motivated, as evidenced by statements by Defendant Norris.  ECF No. 1, p. 3.  He alleges Defendant Oliver, as prosecuting attorney, prosecuted a case which he knew was based on fabricated and false evidence, conspired to fabricate evidence, and withheld exonerating evidence.  ECF No. 1, pp. 3-4.  He alleges Defendant Lampinen, a detective, was involved in the investigation, witnessed the racial slurs, and knew the witness was making a false statement, but did nothing.  ECF No. 1, p. 5.  Defendant Graham, an assistant prosecutor, "knew of the fabricated and withheld evidence and failed to let it be known direct to the Courts."  He further alleges he continued to try to get Plaintiff to plead guilty to "cover-up the wrongful deeds of the defendant's in this case." [sic]  ECF No. 1, p. 6.  Plaintiff lists J. Blake Hendrix as a Defendant and identifies this individual as a public defender, but states no specific allegation against him.

Plaintiff seeks fifteen million dollars each in punitive, compensatory, declaratory, emotional distress and loss of liberty.  He additionally seeks attorney fees.

On April 7, 2016, the Court entered a report and recommendation.  ECF No. 7.  In this report, the Court recommended dismissal of the case prior to service, as Plaintiff's claims were barred by the *Heck* doctrine.  On April 22, 2016, Plaintiff filed a timely objection to this recommendation.  In his objection, he informed the Court that he had been acquitted of the capital murder charge in CR-2011-159-1.  ECF No. 8, p. 3.  As evidence of this acquittal, Plaintiff submitted a federal sentence computation sheet dated April 18, 2016, noting a state case had been dismissed *nolle prosequi* on May 16, 2013.  ECF No. 8, p. 9.  Research by the Court indicates this notation on the computation sheet is incorrect.  Plaintiff was actually acquitted of the capital murder charge in CR-2011-159-1 on

2

May 17, 2013, after a jury trial.[1]   Due to Plaintiff's acquittal in the case, the *Heck* doctrine is no longer applicable.

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff's official capacity claims against the named Defendants fail to state a cognizable claim against Garland County.  Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361– 62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

---

[1] Plaintiff has a lengthy criminal history, so it is possible that another state case was dismissed *nolle prosequi*. The case number is not referenced on the sentence computation sheet.

Case 6:15-cv-06028-SOH-BAB   Document 9   Filed 05/18/16   Page 4 of 6 PageID #: 46

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). Plaintiff has made no allegations concerning a policy or custom of Garland County which violated his constitutional rights.

Plaintiff failed to state any cognizable claim against public defender J. Blake Hendrix. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983). Further, Plaintiff made no specific allegation against Defendant Hendrix. He simply named him as a Defendant and identified him as a public defender.

The prosecuting attorneys, Defendant Oliver and Defendant Graham, are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or

4

administrative capacity is only entitled to qualified immunity).  "Even if [a prosecutor] knowingly presented false, misleading, or perjured testimony, or even if he withheld or suppressed exculpatory evidence, he is absolutely immune from [a §1983] suit."  *Reasonover v. St. Louis County, Mo*., 447 F.3d 569, 580 (8th Cir. 2006).

Plaintiff alleges Defendant Norris, a detective, lied on an affidavit for his arrest warrant, coerced a witness to make a false statement, withheld exonerating evidence, and attempted to have the crime lab fabricate evidence.  He alleges Defendant Lampinen, also a detective, knew of Defendant Norris' actions and did nothing.  "An investigating officer violates a defendant's due process rights if the officer fails to disclose or preserve potentially exculpatory evidence in bad faith."  *Briscoe v. County of St. Louis, Missouri*, 690 F.3d 1004, 1013 (8th Cir. 2012) (citing *Villasana v. Wilhoit,* 368 F.3d 976, 980 (8th Cir. 2004)).  Likewise, the "deliberate manufacture of false evidence" by an investigating officer violates a defendant's due process rights if it is actually used against that defendant.  *Winslow v. Smith*, 696 F.3d 716,  732 (8th Cir. 2012).  In order to recover § 1983 damages, there must be proof that the law enforcement officer "intended to deprive the defendant of a fair trial."  *Briscoe,* 690 F. 3d at 1013 (citing *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)).  Plaintiff has therefore alleged sufficient facts against Defendant Norris and Defendant Lampinen to state a cognizable claim under § 1983.

For the foregoing reasons, I recommend that Plaintiff's claims against Defendants Oliver, Hendrix, and Graham be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I-iii) and 1915A(a).   Service will be ordered against Defendants Norris and Lampinen in a separate Order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

   **DATED** this **18th day of May 2016.**

                          /s/ Barry A. Bryant
                          HON. BARRY A. BRYANT
                          UNITED STATES MAGISTRATE JUDGE